# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

BANK OF NEW YORK MELLON FKA BANK
OF NEW YORK AS SUCCESSOR TO JP
MORGAN CHASE BANK, NOT
INDIVIDUALLY BUT SOLELY AS TRUSTEE
FOR THE HOLDERS OF THE BEAR STEARNS
ALT-A TRUST 2004-11, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 200

       Plaintiff/Counter Defendant,

     v.

SFR INVESTMENTS POOL 1, LLC
SMOKE RANCH MAINTENANCE DISTRICT
RED ROCK FINANCIAL SERVICES, LLC

   Defendants/Cross Claimant/Counter Claimant


     v.

JOAN GLORIA BOHNET LIVING TRUST
DATED  SEPTEMBER 2, 2004; E*TRADE
BANK; MORTGAGE ELECTRONIC SYSTEMS,
INC.
       Cross Defendants

Case No.:  2:17-cv-00716-RFB-NJK

**ORDER**

## I.    INTRODUCTION

Before the Court are Plaintiff Bank of New York Mellon's ("BNYM") Motion for Summary Judgment, Defendant Smoke Ranch Maintenance District's (the "HOA") Motion for Summary Judgment,

and Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment. ECF Nos. 71, 73, 74. For the following reasons, the Court grants all the motions.

## II.    PROCEDURAL BACKGROUND

BNYM filed its complaint on March 10, 2017. ECF No. 1. In the complaint BNYM seeks declaratory relief that a nonjudicial foreclosure sale of a Las Vegas property under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish a deed of trust it held on the property. Id. Defendant Red Rock Financial Services, LLC answered the complaint on April 11, 2017. ECF No. 11. SFR answered the complaint on May 1, 2017 and asserted counterclaims for quiet title and declaratory relief and a cross claim against Defendant E*Trade Bank. ECF No. 20. Smoke Ranch Maintenance District moved to dismiss the case on May 15, 2017. ECF No. 26. BNYM moved for summary judgment on May 22, 2017. ECF No. 34. On June 16, 2017, the Court granted a stipulation staying litigation pending pertinent decisions from the Nevada and U.S. Supreme Court and denying all pending motions without prejudice to refiling after the stay was lifted. ECF No. 41. The Court lifted the stay on January 14, 2019. ECF No. 52. BNYM answered SFR's counterclaims on April 24, 2019. ECF No.64. Smoke Ranch Maintenance District answered the complaint on May 17, 2019. ECF No. 67. The Clerk of the Court entered default as to E*Trade Bank on June 24, 2019. ECF No. 70. BNYM filed the instant motion for summary judgment on June 24, 2019. ECF No. 71. Defendant Smoke Ranch Maintenance District and SFR filed their respective motions for summary judgment and default judgment on that same date. ECF Nos. 73, 74.

## III.    FACTUAL BACKGROUND

The Court finds the following facts to be undisputed.

### a.    Undisputed Facts

Joan Bohnet purchased real property located at 2728 Ironside Drive, Las Vegas, Nevada 89108("the Property") on or about June 22, 2004. Bohnet financed ownership of the Property by way of a loan in the

amount of $147,950 as evidenced by a note and secured by a deed of trust (the senior deed of trust) recorded on June 22, 2004. The Property was subject to the covenants, conditions and restrictions (CC&Rs) of the the HOA, Smoke Ranch Maintenance District.  The senior deed of trust was assigned to BNYM on December 13, 2011, as recorded in an assignment of deed of trust on December 14, 2011.

Bohnet fell behind on HOA dues. Between July 2011 and September 2011, the HOA, through its agent Red Rock, recorded a lien for delinquent assessments, followed by a notice of default and election to sell pursuant to lien for delinquent assessments. As of August 30, 2011, the amount owed was $1,864.74. The law firm Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer") was retained to tender payment to the HOA to satisfy the superpriority portion of the lien. On October 27, 2010, Miles Bauer requested a payoff statement from Red Rock for the superpriority lien. On November 10, 2011, Red Rock emailed Miles Bauer a payoff statement for the entire HOA lien, which stated that monthly assessments were $75.00. Nine months of assessments is $675. No nuisance or abatement charges were listed in the payoff statement. On November 28, 2011 Miles Bauer sent a check to Red Rock for $675.00. The check was later stamped "Received Nov 28, 2011 RRFS."  A corporate witness on behalf of Red Rock testified that it was their procedure at the time to return checks if they were not for the full lien amount, as opposed to the superpriority portion. On May 21, 2014, a notice of foreclosure sale was recorded against the Property by Red Rock on behalf of the HOA. A foreclosure deed recorded on June 24, 2014 indicated that a foreclosure sale went forward on June 13, 2014, and the Defendant SFR purchased the Property for $20,000.

**b. Disputed Facts**

The Court finds that the parties dispute the legal effect of the circumstances.

## IV.    LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage.  Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### B.  Motion for Default Judgment

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive

claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## V. DISCUSSION

### A. BNYM's Motion for Summary Judgment

#### 1. Standing and Real-Party-in Interest

SFR argues that BNYM lacks standing and is not the real-party-in interest to bring this case because BNYM was not the record beneficiary at the time that it filed its complaint. To establish its interest, BNYM submitted to the Court an assignment of deed of trust recorded in 2011, in which MERS grants, sells, assigns, transfers and conveys unto BNYM all beneficial interest "under that certain deed of trust." In its opposition to BNYM's motion, SFR attaches a corporate assignment of deed of trust recorded on February 10, 2015, in which assignor Mortgage Electronic Systems, Inc. ("MERS") grants, sells, assigns, transfer and conveys unto itself "all beneficial interest" under the deed of trust. SFR thus argues that there is a break in chain of title and that on March 10, 2017, when BNYM filed its complaint, it did not have standing to sue and was not the real-party-in interest. In its reply, BNYM does not address the 2015 assignment, and states that "[d]espite the timing of the assignment to [BNYM], [BNYM] has a constitutionally protected property interest." ECF No. 80, Pl.'s Repl. Summ. J. 9. In the complaint it filed on March 10, 2017, BNYM

stated that it "is now and at all times relevant herein, the assigned Beneficiary under a Deed of Trust signed by Joan Bohnet and recorded on June 22, 2004, which encumbers the Property and secures a promissory note." ECF No. 1, Pl.'s Compl. ¶ 5.

To have standing under Article III of the U.S. Constitution, a party must assert an 1) injury-in-fact; 2) that is fairly traceable to the challenged conduct of the defendant; and 3) that is likely to be redressed by a favorable court decision. <u>Spokeo v. Robbins</u>, 136 S. Ct. 1540, 1547 (2016). In addition to establishing constitutional standing, a party must also have prudential standing, which encompasses "at least three broad principles: the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." <u>Lexmark Intern., Inc. v. Static Control Components, Inc</u>., 572 U.S. 118, 126 (2014) (<u>citing Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 12 (2004)). Rule 17 of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real-party-in interest." Fed. R. Civ. P. 17(a). Rule 17(a) does not define the term "real-party-in-interest," but instead "allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." <u>U-Haul Intern., Inc. v. Jartan, Inc.</u>, 793 F.2d 1034, 1038 (9th Cir. 1986). The Court must thus look to the substantive law under which the right is brought, while also bearing in mind that "[t]he modern function of the rule is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." <u>Id</u>. at 1039 (internal citations and alterations omitted).

The primary relief that BNYM seeks is quiet title through NRS 40.010. NRS 40.010 provides that "an action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev.

Stat. § 40.010. The relevant substantive law here clearly gives BNYM a cause of action. BNYM is an entity that claims an interest in the Property—in this case an interest in a deed of trust secured on the Property. BNYM has submitted to the Court evidence of this interest—the 2011 assignment. BNYM is not currently seeking the ability to foreclose on the Property, but merely seeks standing for declaratory relief as to the deed of trust's continued validity. The problem that Rule 17(a) was designed to address of potential duplicative actions and res judicata is therefore not of particular concern in this case. Even if MERS or BNYM later dispute who is the current record beneficiary of the deed of trust, the question of whether the HOA sale extinguished the deed of trust—which is the only question presently before the Court—would not be implicated by that decision. Furthermore, all parties claiming an interest in the deed of trust would be bound by whatever decision this Court makes as to whether or not the deed of trust survived the HOA sale.

Accordingly, despite the conflicting deeds of trust, the Court finds that BNYM nevertheless has constitutional standing, prudential standing, and a legal substantive right such that it may deemed a real-party in interest under Rule 17. First, BNYM has demonstrated adequate constitutional standing. An 'injury-in-fact is an invasion of legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency, 943 F.3d 397, 410–11 (9th Cir. 2019) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). "A concrete injury is one that actually exists, meaning that it is real and not abstract," while a "particularized" injury is one that affects the plaintiff in a personal and individual way." Id. (citations and quotation marks omitted). Here BNYM has articulated an injury-in-fact—an interest in a deed of trust that may or could be extinguished. It has demonstrated that the injury is traceable to the defendants' actions—specifically their actions in conducting the sale (the HOA) and purchasing the Property (SFR). BNYM can demonstrate that the injury would be redressed by a favorable court decision that determines that the deed

- 7 -

of trust survived the HOA foreclosure sale. Finally, BNYM is seeking to vindicate its own legal interest in the Property rather than that of another party, thus satisfying both prudential and Rule 17(a) requirements.

### 2. Statute of Limitations

SFR next argues that BNYM's action is time-barred. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). Because all of BNYM's causes of action arise from the foreclosure sale, the Court finds that the statute began to run on the date of the foreclosure sale, June 13, 2014. The complaint was filed on March 10, 2017, just under three years later. This Court has previously found (and continues to find) that claims asserted in violation of a statute are subject to the three-year limitations period of NRS 11.190(3)(a), but that equitable claims fall within the four-year catchall provision of NRS 11.220. Carrington Mortg. Servs., LLC v. Tapestry at Town Home Ctr. Homeowners Ass'n, 381 F.Supp.3d 1289, 1293 (D. Nev. 2019). The Court finds that all of BNYM's claims are timely filed. Id.

### 3. Tender

Having concluded that BNYM has standing and timely claims, the Court grants summary judgment to BNYM. BNYM has submitted evidence sufficient to demonstrate that BNYM's predecessor-in-interest's tender of nine months of HOA assessments operated to preserve the deed of trust on the Property. The facts in this case are virtually identical to that of Bank of Am., N.A. v. SFR Invs. Pool 1, LLC ("Diamond Spur"), 427 P.3d 113 (Nev. 2018), in which the Nevada Supreme Court held that tender of nine month's worth of HOA assessments, in the absence of evidence that maintenance or nuisance abatement charges were made, operates to preserve a deed of trust. Such a finding does not void the foreclosure sale in its entirety, but does void the sale as to the superpriority portion of the lien. Id. at 612 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion, because it cannot extinguish the first deed of trust on the property.").

SFR argues that the letter accompanying the check was impermissibly conditional. The Court has previously considered these same arguments by SFR and has rejected them. The Court incorporates by reference its reasoning in those cases. See Carrington, 381 F.Supp.3d at 1299 (conditions in letter were ones on which tenderer had right to insist) ; Bank of New York Mellon v. Mission Del Rey Homeowners Ass'n, No. 2:17-cv-02173, 2019 WL 4777305, at *1, * 5 (D. Nev. Sept. 30, 2019) (same).

As the Court finds that tender is dispositive in this matter, it dismisses all claims and arguments challenging the facial unconstitutionality of the statute, which the Ninth Circuit has already rejected. Bank of Am. N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620 (9th Cir. 2019). The Court also dismisses the unjust enrichment claim, as the Court does not declare the HOA sale void or set it aside.

### 4. The HOA's Motion for Summary Judgment

The HOA also moved for summary judgment, arguing that because it claims no current adverse interest in the Property, BNYM can have no current quiet title claim against it. This Court has previously found that in cases such as this one, where a party claims that the foreclosure sale was void, the HOA cannot be dismissed as a party to the action until that claim has been adjudicated. See Deutsche Bank Nat'l Tr. Co. v. Edward Kielty Tr., No:2-17-cv-01759, 2019 WL 1442183, at * 5 (D. Nev. Mar. 31, 2019). However, now the Court finds that tender operated to preserve the deed of trust and voided the sale only as to the superpriority portion of the lien and has dismissed all other claims. Accordingly, the Court will grant the HOA's motion for summary judgment.

### 5. Motion for Default Judgment

SFR also moves for default judgment against E*Trade Bank. SFR filed a cross-complaint against E*Trade on May 1, 2017. E*Trade failed to answer the complaint within the required 21-day limit. The Clerk of the Court entered a default against E*Trade on June 24, 2019.

In considering the seven <u>Eitel</u> factors, the Court find that default judgment against E*Trade is warranted. The first and sixth factors, which ask the Court to consider 1) the possibility of prejudice to the plaintiff/party seeking default judgment and 2) whether the default was due to excusable neglect, favor granting default judgment. By failing to appear, E*Trade prejudiced cross-claimant SFR by denying it the ability to gain clarification as to the ownership of the Property. Additionally, the failure to appear for over two years suggests that E*Trade could not demonstrate excusable neglect if it was to appear now. The third and seventh factors, which require the Court to examine the sufficiency of the complaint and the Federal Rules of Civil Procedure's strong policy in favor of deciding cases on the merits, also warrants granting of the default judgment. Having reviewed its submissions, the Court finds that SFR has submitted evidence sufficient to demonstrate that it is the current title owner of the Property. There is no evidence before the Court that E*Trade disputes or has disputed this fact. Accordingly, the Court will grant SFR's Motion for default judgment.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**B. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff Bank of New York Mellon's Motion for Summary Judgment (ECF No. 71) is GRANTED. The Court finds that the deed of trust survived the 2014 HOA foreclosure sale.

**IT IS FURTHER ORDERED** that Defendant Smoke Ranch Maintenance District's Motion for Summary Judgment (ECF No. 73) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Default Judgment against E*Trade Bank is GRANTED. The Court declares that Cross-Defendant E*Trade and its successors or assigns, have no right, title or interest in the Property and that SFR is rightful title owner.

The Clerk of Court is instructed to enter judgment consistent with this ruling and close this case.

DATED: March 16, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT COURT JUDGE**